ESTATE OF Miles DAVIS, by its duly empowered Executors, Peter S. Shukat and Stephen Ratner, Plaintiff,

v.

Giulia TROJER and Keith Denney d/b/a Balmain Fine Arts, Defendants.

No. 99 Civ. 11056(VM).

United States District Court, S.D. New York.

Oct. 16, 2003.

---

## DECISION AND ORDER

MARRERO, District Judge.

Defendant Giulia Trojer ("Trojer") seeks sanctions, under Federal Rule of Civil Procedure 11, against the plaintiff, the Estate of Miles Davis (the "Estate"), for having allegedly filed a complaint containing baseless allegations. The Estate filed a cross-motion under Rule 11 against Trojer for, among other things, having filed her allegedly baseless Rule 11 motion in contravention of procedural rules. In an Amended Report and Recommendation dated September 25, 2003 (the "Report"), Magistrate Judge Kevin N. Fox recommended that Trojer's motion be denied and that, under Rule 11, the Estate be awarded the reasonable expenses and attorney's fees it incurred in opposing Trojer's motion and in making its cross-motion. The Report, to which Trojer has submitted objections, is attached and incorporated hereto. The Court finds Trojer's objections meritless and, accordingly, denies Trojer's motion and grants the Estate's cross-motion, essentially on the basis of the reasoning and authorities set forth in the Report.

■ As a general matter, the Court notes that Trojer's objections to the Report merely repeat the arguments in her Rule 11 motion. The Court agrees with the Report's reasoning and conclusion with respect to those issues, and will not repeat a discussion of those matters, except in brief. Trojer's main contention is that the Estate's amended complaint accuses her, without any basis in fact, of having unlawfully converted certain pieces of artwork created by legendary trumpet player Miles Davis ("Davis"), Trojer's onetime intimate associate. Trojer asserts that there is currently no direct evidence in the record that Trojer surreptitiously spirited away the pieces of art at issue from Davis's residence. She is correct on that point, but she fails to sufficiently refute the Estate's contention that Trojer rightfully possessed, but *did not rightfully own,* the artwork in question. On that point, Trojer has failed to demonstrate that the complaint is so baseless as to be sanctionable. The Court notes that Trojer has not made a motion for summary judgment in this regard and that these very issues will be presented to the Court in a bench trial within a matter of weeks.

■ Finally, the Court notes that the Court specifically admonished Trojer from filing the instant Rule 11 motion, which is meritless. Accordingly, the Court agrees with the Report that the Estate should recover its costs and fees in connection with litigating these cross-motions.

For the reasons discussed above, it is hereby

ORDERED that the motion of defendant Giulia Trojer ("Trojer") for sanctions, under Federal Rule of Civil Procedure 11, against the plaintiff, the Estate of Miles Davis ("Estate"), is denied; it is further

ORDERED that the Estate's motion for sanctions, under Federal Rule of Civil Procedure 11, against Trojer is granted, and Trojer and Trojer's attorneys are found jointly and severally liable to the Estate for the reasonable costs and fees associated with these cross-motions; and it is finally

ORDERED that the Estate's counsel is directed to file and serve a detailed affidavit enumerating such costs and the detailed basis for any attorney's fee award within thirty days of the entry of this Order; Trojer shall have ten days thereafter to file and serve a response, if any.

**SO ORDERED.**